## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JENNIFER LYNN HARVEY-
VALDES,

      Plaintiff,

v.                                          Case No.: 8:22-cv-2572-JLB-LSG

HOME DEPOT U.S.A., INC.

      Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

      The defendant Home Depot U.S.A., Inc., moves unopposed under Local Rule 7.01(b) for an order determining that Home Depot is entitled to attorney's fees and costs. Docs. 40, 42. For the reasons explained below, I recommend granting Home Depot's motion and directing Home Depot to file a supplemental motion under Local Rule 7.01(c) on the amount of reasonable fees and taxable costs.

### I.     BACKGROUND

      The plaintiff Jennifer Lynn Harvey-Valdes sued Home Depot in state court for negligence after she tripped and fell at a Home Depot store "due to an unmarked, abrupt elevation change, which caused her to sustain serious, permanent injuries." Doc. 1-9 at ¶5-6. Home Depot removed the case under 28 U.S.C. §§ 1332 and 1441. Doc. 1. Home Depot served a "proposal for settlement" under Section 768.79, Florida Statutes, and Rule 1.442, Florida Rules of Civil Procedure, which the plaintiff rejected. Docs. 23, 42 at 3. Thereafter, Home Depot moved for summary

1

judgment, Doc. 26, and an August 5, 2024, order, Doc. 37, grants the motion. On August 6, 2024, the Clerk entered a judgment in favor of Home Depot and against the plaintiff. Doc. 38.

Home Depot moved for an award of attorney's fees and costs. Doc. 40. A September 5, 2024, order directs Home Depot to supplement the motion with a certificate under Local Rule 3.01(g).[1] Doc. 41. Home Depot's supplemental motion contains a certificate saying that the plaintiff consents to the motion for entitlement but reserves her right to object to the amount. Doc. 42 at 4-5.

## II.    ANALYSIS

A federal court with diversity jurisdiction applies the substantive law of the forum state. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257-58 (11th Cir. 2011). Florida's offer of judgment statute, Section 768.79, Florida Statutes, and Florida's accompanying rule of civil procedure, Rule 1.442, are substantive. *Id.* A rejected offer of judgment entitles a defendant to reasonable costs and attorney's fees "from the date of filing of the offer if the judgment is one of no liability[.]" Fla. Stat. § 768.79(1).

Here, Home Depot argues (1) that the proposal for settlement conformed to the requirements of Section 768.79 and Rule 1.442; (2) that the plaintiff rejected the offer; and (3) that Home Depot is a prevailing party as a result of the summary

---

[1] This rule requires a good faith conference between the parties about certain motions and an accompanying certification stating that the conference occurred and describing the whether the parties agree on all or part of the relief requested in the motion.

judgment order and, therefore, entitled to recover costs and fees. Doc. 42 at 3-4. The plaintiff offers no opposition to these arguments.

Accordingly, I find that Home Depot is entitled to recover reasonable costs and attorney's fees from the day of filing of the offer of judgment. *See Kearney v. Auto-Owners Ins. Co.*, 713 F. Supp. 2d 1369, 1372-73 (M.D. Fla. 2010) (finding that, because the defendant properly filed an offer of judgment that complied with Florida law and the plaintiff rejected the offer, the defendant was entitled to an award of fees).

## III.    CONCLUSION

Based on the findings and conclusions above, I recommend an order (1) granting the motion for attorney's fees, Docs. 40, 42; (2) finding that Home Depot is entitled to an award of reasonable costs and fees; and (3) directing Home Depot to file a supplemental motion on the amount under Local Rule 7.01(c) no later than forty-five days after the order determining entitlement.

**REPORTED** on this 13th day of December, 2024.


_____
LINDSAY S. GRIFFIN
United States Magistrate Judge

3

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation or to seek an extension of the fourteen-day deadline. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).  If the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.